# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **GREGORY HOLLENBACH,** | |
|      **Plaintiff,** | |
| **v.** | **MEMORANDUM DECISION** |
| | **Case No. 2:16-cv-00918-DBP** |
| **CHRIS BURBANK in his individual capacity; MELODY GRAY in her individual capacity; and SALT LAKE CITY, through its Police Department and its Civil Service Commission for the official actions of the Defendants;** | **Magistrate Judge Dustin B. Pead** |
|      **Defendants.** | |

## <u>BACKGROUND</u>

The parties consented to the court's jurisdiction under 28 U.S.C. 636(c). (ECF No. 16.) The matter is presently before the court on Defendants' Motion to Dismiss. (ECF No. 18.) Plaintiff's Amended Complaint alleges four causes of action under § 1983. (ECF No. 17.) Plaintiff claims Defendants unlawfully interfered with his: rights under the Family and Medical Leave Act, due-process rights, First Amendment right to free speech, and First Amendment right to freely associate. (*See id.*) Plaintiff alleges Defendants unlawfully discriminated against him based on his affiliation with the Fraternal Order of Police.[1] Plaintiff claims he was passed over for promotion, disciplined more harshly, denied leave, and otherwise mistreated as a result of this affiliation. (*Id.*) On November 8, 2013, plaintiff received a letter notifying him of his termination

---

[1] While Plaintiff does not allege this is a labor union, the parties treat it as such in their briefing. For purposes of the present motion, the court assumes it is a labor union.

for his conduct related to a certain burglary investigation. He appealed his termination. Plaintiff's appeal is still ongoing at the administrative level. (ECF No. 21 at 11.)

## STANDARD OF REVIEW

To survive, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court accepts factual allegations "as true and construe[s] those allegations, and any reasonable inferences that might be drawn from them" in a plaintiff's favor. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Nonetheless, conclusory allegations without supporting factual allegations are insufficient to state a claim for relief. *See id.* ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").

## ANALYSIS

### I.     The claim against Defendant Gray must be dismissed

#### a.  Parties' Arguments

Defendants argue that Plaintiff's claim against Defendant Gray fails because Plaintiff's Complaint alleges only a single event in which Defendant Gray personally participated. Specifically, Plaintiff alleges Defendant Gray "denied [Plaintiff] compensation while [he] was attending his disciplinary appeals without process." (ECF No. 18 at 8.) Defendants contend this allegation is insufficient to state a claim against Defendant Gray for a deprivation of Plaintiff's federally-guaranteed rights because he was not entitled to compensation after his termination.

Plaintiff argues he sufficiently alleged a claim against Defendant Gray by alleging that she denied Plaintiff compensation while he attended his disciplinary appeals. Plaintiff also argues the claim is sufficient because he alleges Defendant Gray "participated in" discriminatory practices.

### b. Plaintiff does not properly allege any claim against Defendant Gray

Plaintiff fails to allege Defendant Gray participated in any unlawful conduct. First, Plaintiff must allege Defendants deprived him of a protectable property interest "to prevail on either a procedural or substantive due process claim . . . ." *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007) (affirming decision to dismiss a due-process claim where the complaint did not allege deprivation of a protectable property interest). While Plaintiff makes conclusory allegations that he was deprived of compensation without due process, Plaintiff fails to allege any facts that show he had any "legitimate claim of entitlement" to compensation after his termination. *Id.* Also, Plaintiff does not argue in his opposition that he had any protectable property interest in post-termination pay. Thus, his due-process claim against Grey fails because Plaintiff has identified no protectable property interest in post-termination pay.

Rather than describe any legitimate claim of entitlement to compensation, Plaintiff instead cites Rule 8's liberal pleading standard. While the standard is no doubt liberal, it does not win the day for Plaintiff here.[2] Plaintiff alleges he was deprived of pay, but Defendants point out that Plaintiff had no property interest in that pay. Plaintiff cannot prevail by relying on the pleading standard. Instead, he must demonstrate the alleged denial is legally sufficient to support his due-process claim. Here, that means demonstrating he had a legitimate claim of entitlement to post-termination pay. Plaintiff fails to do so.

Second, Plaintiff's argument that he alleged Defendant Gray "participated" in discriminatory policies also misses the mark. "The plaintiff must show the defendant personally participated in the alleged violation . . . and conclusory allegations are not sufficient to state a constitutional

---

[2] Additionally, the standard is less liberal than Plaintiff suggests. He cites a standard from several cases predating *Twombly* and *Iqbal*, including one case setting forth the standard of review for pro se complaints, which is more lenient than the standard applied to complaints attorneys draft. (ECF No. 21 at 14) (citing *Huggins v. Hilton*, 180 F. App'x 814 (10th Cir. 2006)).

violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). "When various officials have taken different actions . . . the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013) "Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights." *Id.* Plaintiff makes only the single factual allegation against Defendant Gray discussed above, which Plaintiff has not shown to be legally relevant. Plaintiff makes no other factual allegation regarding Defendant Gray, other than to identify her as a party. Some of the remaining allegations refer generally to Defendants, but this does not sufficiently state a claim against Defendant Gray. *Pahls* condemns this very pleading strategy. Plaintiff may not make the "undifferentiated contention that 'defendants' infringed his rights." *Id.* Instead, he must set forth facts establishing each individual defendant's personal participation. Based on the foregoing, the claim against Defendant Gray must be dismissed.

## II.     Plaintiff does not properly allege a violation of his due-process rights

### a. Parties' Arguments

Defendants argue Plaintiff's due-process claim fails because his administrative appeals are ongoing after the Utah Court of Appeals remanded the case to the Salt Lake City Civil Service Commission. Also, Defendants argue this claim should be dismissed because Judge Stewart previously dismissed it (before Plaintiff's case was severed from another case pending in this District) based on the Commission's quasi-judicial immunity. *See Hollenbach et al. v. Burbank et al.*, Civil No. 2:12-cv-608 (D. Utah). Finally, Defendants argue in their reply that Plaintiff does not allege any legally-relevant infirmity with his pre-deprivation review process.

Plaintiff contends that his appeal to the Commission does not form the basis of his due-process claim. Instead, Plaintiff claims his due-process claim stems from: (1) Defendant Gray depriving Plaintiff of compensation while he pursued his disciplinary appeals, (2) Chief Chris

Burbank's failure to investigate the underlying facts prior to Plaintiff's pre-termination hearing, and (3) the Salt Lake City and the Salt Lake City Police Department exerting pressure on the Civil Service Commission to reject Plaintiff's notice of appeal.

### b. Plaintiff does not allege any pre-deprivation violation of due process

The Amended Complaint details several events that occurred during post-deprivation proceedings (*i.e.* after Plaintiff's termination). Nonetheless, Plaintiff clarifies in his opposition that he challenges only the pre-deprivation process he received because his post-termination proceedings are ongoing. Government employees with a property interest in their job are entitled to a pre-termination hearing. *See Riggins v. Goodman*, 572 F.3d 1101, 1108 (10th Cir. 2009). That hearing requires: (1) 'oral or written notice [to the employee] of the charges against him;' (2) 'an explanation of the employer's evidence and [3] an opportunity [for the employee] to present his side of the story.'" *Montgomery v. City of Ardmore*, 365 F.3d 926, 936 (10th Cir. 2004) (quoting *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532 (1985)). "A full evidentiary hearing is not required prior to an adverse employment action." *West v. Grand Cty.*, 967 F.2d 362, 367 (10th Cir. 1992). Rather, the "individual entitled to due-process protection needs only to be given notice and an opportunity to respond." *Id.*

As Defendants correctly point out, Plaintiff does not argue or allege that he was deprived of the pre-deprivation process required by *Loudermill*. Instead, he refers to Defendant Gray's conduct earlier addressed. That due-process claim fails for lack of property interest discussed earlier. Also, the claims regarding Defendant Gray relate only to the post-termination time period, which Plaintiff claims not to challenge.

Next, Plaintiff alleges that Defendant Burbank deprived him of pre-deprivation due process by failing to investigate "circumstances of the burglary." (ECF No. 21 at 14.) Unfortunately for

Plaintiff, *Loudermill* does not require any pre-hearing investigation, or any pre-termination investigation. Plaintiff cites no authority that requires any investigation.

Finally, Plaintiff refers to post-termination process before the Civil Service Commission. Yet he simultaneously claims he is not pursuing relief here for any post-deprivation conduct of that entity because his appeal process is ongoing. Plaintiff may believe there is some due-process claim he can bring related to comments made to the CSC, but Plaintiff offers no authority to support that belief. Based on Plaintiff's briefing, it appears his due-process claim changed since he initially drafted his Complaint. The court dismisses the due-process claim because it fails to allege any violation of Plaintiff's pre-deprivation due-process rights. If Plaintiff elects to file an amended complaint, he is instructed to remove allegations no longer material to his claim.

### III. First Amendment claims

#### a. Parties' Arguments

Defendants contend Plaintiff cannot meet the *Pickering/Connick* test, which requires a plaintiff making certain First Amendment claims to establish three factors: (1) the employee's First Amendment activity involves a matter of public concern, (2) the employee's interest in the protected activity outweighs the employer's interest in regulating it, and (3) the protected activity was a substantial motivating factor in the employer's decision to take adverse action. (ECF No. 18 at 11–15.) [3] Defendants argue Plaintiff's freedom-of-association claim fails because Plaintiff's membership in a union that is not party to a collective-bargaining agreement does not

---

[3] Defendants also correctly note that an employer has an affirmative defense available under *Pickering/Connick*. *See Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013) ("If the employee establishes these three factors, he wins unless (4) the employer establishes it would have taken the same action in the absence of the protected activity.").

constitute a matter of public concern. Defendant also argues Plaintiff's free-speech claim fails because the alleged speech does not touch on a matter of public concern.[4]

Plaintiff contends that his union membership and speech related to his union, even one without a collective-bargaining agreement, are exempt from the public-concern analysis because such activity is presumed to be of public concern. Alternatively, Plaintiff argues that his union association and speech touches on a matter of public concern.

### b. Plaintiff fails to allege his speech or association touched on any public concern

#### 1. *The public-concern prong of Pickering/Connick applies to Plaintiff's union-related First Amendment claims.*

Defendants assert that Plaintiff must establish the first prong of the *Pickering/Connick* test to succeed on his speech and association claims. The court easily agrees with Defendants regarding Plaintiff's freedom of speech claim. *See Shrum v. City of Coweta, Okla.*, 449 F.3d 1132, 1138–39 (10th Cir. 2006) (noting the public-concern test applies to free speech claims by public employees); *King v. Downing*, 58 F. App'x 830, 833 (10th Cir. 2003) ("The district court correctly ruled, however, that where the free speech and free association claims are identical, as they are in this case, application of the *Pickering/Connick* public-concern test is appropriate.") (citing *Schalk v. Gallemore,* 906 F.2d 491, 498 n. 6 (10th Cir.1990)); *see also Cillo v. City of Greenwood Vill.*, 900 F. Supp. 2d 1181, 1200 (D. Colo. 2012), *rev'd*, 739 F.3d 451 (10th Cir. 2013) (setting forth a thorough analysis of union-related First Amendment claims against government employers in the Tenth Circuit). Plaintiff offers no authority to suggest the Tenth Circuit has ever exempted a plaintiff from meeting the public-concern element when bringing a free-speech claim.

---

[4] Given the court's resolution of the arguments mentioned, the court will not address Defendants' arguments regarding other elements of the *Pickering/Connick* test.

## A. Association claim

The association claim is a more difficult question. The court will begin with a brief history of the relevant law. At the outset, neither the Tenth Circuit "nor the Supreme Court has determined, as a general matter, whether *Pickering's* public-concern requirement applies to freedom of association claims." *Shrum v. City of Coweta, Okla.*, 449 F.3d 1132, 1138 (10th Cir. 2006). The *Shrum* court held that the public-concern element did not apply to freedom-of-association claims related to unions with which the municipality at issue entered a collective-bargaining agreement. *Shrum* at 1138. Subsequently, the Tenth Circuit narrowed the class of cases potentially exempt from the public-concern prong in *Merrifield v. Bd. of Cty. Comm'rs for Cty. of Santa Fe*, 654 F.3d 1073, (10th Cir. 2011). The *Merrifield* court held "the public-concern requirement applies to a claim that a government employer retaliated against an employee for exercising the instrumental right of freedom of association for the purpose of engaging in speech, assembly, or petitioning for redress of grievances." *Id.* at 1081–82. Recently, the Tenth Circuit declined to decide whether association with unions without a collective-bargaining agreement, such as the Fraternal Order of Police here, triggers application of the public-concern prong. *See Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 n.17 (10th Cir. 2013) ("It is not clear whether the first factor applies to retaliation claims involving union association, particularly where there is not a collective bargaining agreement in place.").

After reviewing Tenth Circuit precedent, the court finds the public-concern element applies to freedom-of-association claims involving unions with which a municipality has not entered a collective-bargaining agreement. While *Shrum* eschewed the public-concern element in an association case involving a union, the Tenth Circuit predicated its decision on the collective-bargaining agreement between the union at issue and the defendant municipality. *Shrum* at 1139

(finding defendants "estopped from reneging on th[e collective-bargaining] agreement . . . by claiming that union association is not a matter of public concern"). The reasoning in *Shrum* suggests the exception should be read narrowly. Additionally, the 2013 *Cillo* case shows that the Tenth Circuit views a union with a collective-bargaining agreement as distinguishable from a union without one. *See Cillo* 739 F.3d at 461 n.17. Relatedly, *Merrifield* further suggests the *Shrum* exception be read narrowly because that case suggests many association claims are subject to the public-concern requirement. *Merrifield* at 1081–82 ("the public-concern requirement applies to a claim that a government employer retaliated against an employee for exercising the instrumental right of freedom of association for the purpose of engaging in speech, assembly, or petitioning for redress of grievances"). Admittedly, *Merrifield* did not involve union association. The court notes *Merrifield* only to demonstrate that the Tenth Circuit does not appear inclined to create additional exemptions from the *Pickering/Connick* test's public-concern element. Here, Plaintiff does not suggest the Fraternal Order of Police entered a collective-bargaining agreement with Salt Lake City. Accordingly, the court concludes Plaintiff must establish that his association with the union is a matter of public concern.

Plaintiff argues the public-concern element should not apply because the Tenth Circuit found for a plaintiff asserting a union-related First Amendment claim without resorting to the public-concern prong of *Pickering/Connick* in *Morfin v. Albuquerque Public Schools*, 906 F.2d 1434 (10th Cir. 1990). *Morfin* does not stand for the proposition for which Plaintiff cites it. The Tenth Circuit later expressly found that *Morfin* did not consider "whether the public-concern requirement would apply to association-based retaliation claims." *Merrifield* at 1084. Instead, the *Morfin* court rested its decision on qualified immunity and whether the plaintiff set forth a clearly-established right. Subsequent Tenth Circuit precedent confirms that *Morfin* did not

remove the public-concern prong from the *Pickering/Connick* test in the context of union-related First Amendment claims. *See Merrifield* at 1084; *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013) ("It is not clear whether the first factor applies to retaliation claims involving union association, particularly where there is not a collective bargaining agreement in place."). In isolation *Morfin* would appear to support Plaintiff's argument. Yet the Tenth Circuit has since undermined, if not rejected, such a reading of *Morfin*. *See Shrum* at 1138; *Merrifield* at 1081–82; *Cillo* 739 F.3d at 461 n.17.

Finally, the court recognizes that the public-concern analysis may be foregone in certain circumstances that do not involve unions with collective-bargaining agreements. The court finds here that Plaintiff has not alleged or argued that this case involves the appropriate circumstances to excuse him from establishing a public concern. *Cf. Schalk v. Gallemore*, 906 F.2d 491, 498 n.6 (10th Cir. 1990) (noting "a public school teacher fired for being married would have a colorable freedom of association claim against her employer, but would likely not satisfy the public concern test").

### 2. *Plaintiff does not allege facts to suggest his speech or association touched on any public concern.*

A matter is of public concern where it may "be fairly considered as relating to any matter of political, social, or other concern to the community." *Schalk v. Gallemore*, 906 F.2d 491, 495 (10th Cir. 1990) (citing *Connick v. Myers*, 461 U.S. 138 (1983). "[A]n employee's speech or activity does not touch on a matter of public concern merely because it is union-related." *King v. Downing*, 58 F. App'x 830, 833 (10th Cir. 2003). Instead, the court must consider "the content, form, and context of a given statement." *Connick* at 147–48. In doing so, the court examines the facts as the employer reasonably believed them to be. *Waters v. Churchill*, 511 U.S. 661, 681 (1994) (plurality opinion).

Plaintiff does not allege he engaged in speech. In fact, he does not argue he was prohibited from speaking. Instead, he suggests Defendants denied him "access" to a bulletin board and a recruitment class. (ECF No. 17 at 9.) Rather than suggesting the proposed speech involved a public concern, the Amended Complaint alleges Defendants and Plaintiff had no more than an "internal personnel dispute[]" regarding the proper time for Plaintiff to speak about the Fraternal Order of Police. *Dill v. City of Edmond, Okl.*, 155 F.3d 1193, 1202 (10th Cir. 1998). Plaintiff makes no effort to describe how the "access" he sought constitutes speech, let alone speech of a public concern. It is not enough that given subject matter under hypothetical circumstances could constitute a matter of public concern. "What is actually said on that topic must itself be of public concern." *Wilson v. City of Littleton, Colo.*, 732 F.2d 765, 769 (10th Cir. 1984).

Similarly, Plaintiff fails to allege facts that could support a claim that his association with the union is matter of public concern. The district court in *Cillo* found union association constituted a matter of public concern because the union at issue sought a collective-bargaining agreement. *See Cillo v. City of Greenwood Vill.*, 900 F. Supp. 2d 1181, 1193–94 (D. Colo. 2012) (concluding union seeking "pay parity with nearby jurisdictions and the question of whether public employees should be given the right to bargain collectively are issues that go beyond purely private interests and touch on matters of genuine public concern.") *rev'd on other grounds,* 739 F.3d 451 (10th Cir. 2013). Here, Plaintiff does not allege the purpose or goals of the Fraternal Order of Police. Likewise, his opposition to Defendants' Motion to Dismiss does not proffer any purpose. The court cannot find Plaintiff's association implicated any public concern because he does not allege or argue his association had any public purpose.

### IV.  Plaintiff's FMLA claim must be dismissed

Plaintiff concedes his first cause of action related to the Family and Medical Leave Act ("FMLA") should be dismissed. (*See* ECF No. 21 at 6.) Based on the foregoing, all of Plaintiff's

claims will be dismissed. Plaintiff's FMLA claim is dismissed with prejudice. Given the particular deficiencies with the remaining claims, the court is not convinced the Amended Complaint cannot be salvaged if the proper facts are added. Accordingly, the dismissal is without prejudice as to all claims other than the FMLA claim. Plaintiff may file an amended complaint, but must do so no later than fourteen days from the date of this order. Additionally, Plaintiff is warned that any further failure to state a viable claim will result in dismissal with prejudice.

## **ORDER**

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss. (ECF No. 18.) Plaintiff's FMLA claim is dismissed with prejudice. The remaining claims are dismissed without prejudice. Plaintiff may file a new amended complaint within fourteen (14) days of this order. If Plaintiff does not amend within the allotted time, this case will be closed.

Dated this 22nd day of May 2017.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge