# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **GREGORY HOLLENBACH,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**CHRIS BURBANK in his individual capacity; MELODY GRAY in her individual capacity; and SALT LAKE CITY, through its Police Department and its Civil Service Commission for the official actions of the Defendants;**<br><br>    **Defendants.** | **MEMORANDUM DECISION**<br><br>**Case No. 2:16-cv-00918-DBP**<br><br>**Magistrate Judge Dustin B. Pead** |

## BACKGROUND

The parties consented to the court's jurisdiction under 28 U.S.C. 636(c). (ECF No. 16). The matter is presently before the court on Defendants' "Motion to Dismiss Second Amended Complaint for Failure to State a Claim." (ECF No. 27). Plaintiff's Second Amended Complaint alleges a single FMLA claim and three causes of action under § 1983 related to alleged deprivations of Plaintiff's right to due process, free speech and free association. (ECF No. 24). Plaintiff alleges Defendants unlawfully discriminated against him based on his affiliation with his police union, the Fraternal Order of Police ("FOP").

## STANDARD OF REVIEW

To survive, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court accepts factual allegations "as true and construe[s] those allegations, and any

reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Nonetheless, conclusory allegations without supporting factual allegations are insufficient to state a claim for relief. *See id.* ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").

## ANALYSIS

### I. Due Process claim

#### a. Parties' Arguments

Defendants argue that Plaintiff fails to allege any constitutionally-protected property interest for mileage reimbursements or pay for off-duty time spent attending Plaintiff's administrative appeal because such compensation is discretionary. (ECF No. 27 at 13–14). Next, Defendants argue that Plaintiff has not adequately pled facts to demonstrate that Chief Burbank was a biased decision maker because Plaintiff only concludes Chief Burbank was biased without pleading facts to support that conclusion. (*Id.* at 15). Alternatively, Defendants argue Chief Burbank's alleged bias is insufficient to support Plaintiff's claims because another unbiased reviewer, Chief Deputy Coleman, conducted an initial internal affairs investigation before Chief Burbank imposed discipline. Likewise, Defendants point out, the Civil Service Commission ("CSC") upheld the discipline imposed by Chief Burbank. Finally, Defendants argue that Plaintiff cannot bring a claim for post-termination deprivation of due process because the delay caused by the CSC's rejection of Plaintiff's appeal as untimely (later reversed by the Utah Court of Appeals) does not provide a basis for a due-process claim. (*Id.* at 17).

Plaintiff responds by arguing that constitutionally-protected property interests can be created by unwritten policies such as the one he alleges entitled him to mileage reimbursements and pay for time spent attending administrative appeals. (ECF No. 30 at 15–17). Plaintiff also contends he alleged sufficient facts for the court to infer Chief Burbank was biased. (*Id.* at 17–18). As to Defendants' alternative argument, Plaintiff argues the court cannot determine whether other individuals performed proper reviews without delving into factual matters not subject to resolution given the present posture of this case. (*Id.* at 18–19). Finally, Plaintiff argues the department's role in the CSC's rejection of his appeal constitutes a due-process violation.

### b. Plaintiff properly alleges a due-process claim

#### 1. *Property Interest*

Plaintiff alleges a sufficient property interest to support his due-process claim. Plaintiff must allege Defendants deprived him of a protectable property interest "to prevail on either a procedural or substantive due process claim . . . ." *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). Unwritten policies can create an entitlement. *See Perry v. Sindermann*, 408 U.S. 593, 599 (1972); *see Schulz v. City of Longmont, Colorado*, 465 F.3d 433, 444 (10th Cir. 2006) ("State law sources for property interests can include statutes, municipal charters or ordinances, and express or implied contracts."). Plaintiff alleges that he was denied compensation without due process because he was denied compensation while attending his disciplinary appeals contrary to department policy. (ECF No. 24 at 4). Plaintiff also alleges he was denied a mileage reimbursement contrary to department policy. (*Id.*) Accordingly, Plaintiff adequately alleges he was deprived of property in the form of wages and reimbursements owed to him.

Defendants believe that Plaintiff should have included additional factual detail to support his claim that the alleged policy existed. Yet Defendants have not cited any authority to support their position. The alleged facts satisfy the requirements of Rule 8.

Next, Defendants make arguments about the existence or mechanics of the policy alleged. These matters raise factual issues not appropriate for a motion to dismiss. The court declines to review the evidence Defendants submitted on this point. For purposes of the present review, the court is restricted to the facts alleged in the Second Amended Complaint construed in the light most favorable to Plaintiff. *See Gaines*, 292 F.3d at 1224.

### 2. Bias

At the outset, the court notes that Plaintiff's Second Amended Complaint actually alleges "Chief Burbank was not a biased decision maker in respect to Hollenbach's investigation and discipline." (ECF No. 24 at 9). Yet based on the remainder of that pleading and Plaintiff's arguments opposing the motion to dismiss, this allegation almost certainly resulted from a typographical error. Accordingly, Plaintiff is instructed to correct this error within fourteen days of the court's order by filing a corrected version of the Second Amended Complaint. Plaintiff may only make the corrections noted by the court and may not otherwise amend his pleading. Defendants must file an answer within twenty-one days of Plaintiff making this correction.

Turning to the merits of the parties' arguments, Defendants have not identified any deficiency in Plaintiff's allegations that Chief Burbank's was biased. "The Due Process Clause entitles a person to an impartial and disinterested tribunal." *McClure v. Indep. Sch. Dist. No. 16*, 228 F.3d 1205, 1215 (10th Cir. 2000). Notwithstanding the typographical error with Plaintiff's Second Amended Complaint, Plaintiff sets forth allegations suggesting Chief Burbank harbored

bias against Plaintiff. For example, Plaintiff alleges that Chief Burbank improperly interfered with Plaintiff's administrative appeal. (ECF No. 24 at 10).

Despite these allegations, Defendants argue Plaintiff must establish "a substantial showing of personal bias" to prevail. (ECF No. 27 at 15) (quoting *Newton v. Utah Nat. Guard*, 688 F. Supp. 2d 1290, 1308 (D. Utah 2010)). Defendants also suggest that the claims of bias are irrelevant because an unbiased decision maker, Deputy Chief Coleman, conducted the initial investigation of the allegations against Plaintiff, which led to his discipline. (ECF No. 27 at 16) (citing *Robbins v. Merrell*, No. 2:15-cv-156, 2017 WL 1628879 at *7 (D.Utah May 1, 2017)). Yet Defendants cite no case where a court dismissed on either basis at the pleading stage. Instead, Defendants cite cases decided at the summary-judgment stage. Summary judgment presents a much more suitable procedural posture for such decision given that Plaintiff allegations must be taken as true for purposes of this motion. The *Newton* court weighed whether a party made a "substantial showing" of bias. Such an inquiry requires a court to determine the sufficiency of a party's evidence. At the pleading stage, the court must draw all reasonable inferences in Plaintiff's favor. *Gaines* at 1224. With that standard of review in mind, the court does not find Plaintiff's allegations deficient. Similarly, the court cannot determine the propriety of Deputy Chief Coleman's actions, or the adequacy of any other stages of administrative review, without considering facts not alleged in the complaint. Accordingly, the court does not decide here whether Plaintiff received additional review that could cure Chief Burbank's alleged bias.

### 3. *Delay*

Third, Defendants fail to persuade the court that Plaintiff's allegations of purposeful delay can never give rise to a due-process claim. Defendants argue "there does not appear to be any authority to support [Plaintiff's] theory against the City." (ECF No. 27 at 17). Yet this

unsupported argument does not meet the standard for a motion to dismiss. It is incumbent on Defendants to demonstrate Plaintiff's claim fails as a matter of law assuming the truth of his allegations. Defendants have not done so. In the absence of some authority on the issue, the court is unwilling to announce that allegations of intentionally interfering with an independent board's review of a matter in an attempt to cause delay can never give rise to a due-process claim.

## II. First Amendment claims

### a. Parties' Arguments

Defendants argue Plaintiff's freedom-of-association claim fails because he has not alleged his Fraternal Order of Police ("FOP") union association touched on any matter of public concern or that his union membership was a substantial motivating factor in his termination. (ECF No. 27 at 18–20). Next, Defendants argue that Plaintiff's free-speech claim fails because Plaintiff has not alleged that his proposed speech touched on a matter of public concern. (*Id.* at 20).

Plaintiff argues that his FOP union membership touched on a matter of public concern because the union was created to "address corruption between the Department and SLPA" and because the union actually conducted a political rally related to state retirement benefits. (ECF No. 30 at 21–22). Plaintiff contends he sufficiently alleged facts that show his FOP union membership was a substantial motivating factor in his discipline because the he suffered a number of adverse actions that "did not begin in earnest" until he associated with the union. (*Id.* at 22). Finally, Plaintiff argues that his speech touched on a matter of public concern because he intended to post items on the bulletin board and speak to the recruitment class about issues of legislation, corruption, legal representation, and political rallies. (*Id.* at 23).

### b. The court declines to dismiss Plaintiff's speech and association claims for lack of public concern

#### 1. *Defendants have not persuaded the court to dismiss Plaintiff's free-speech claim.*

Defendants have not persuaded the court to dismiss Plaintiff's speech claim. Defendants claim the alleged speech does not touch on a matter of public concern. A matter is of public concern where it may "be fairly considered as relating to any matter of political, social, or other concern to the community." *Schalk v. Gallemore*, 906 F.2d 491, 495 (10th Cir. 1990) (citing *Connick v. Myers*, 461 U.S. 138 (1983). To evaluate whether speech touches on a matter of public concern, the court must consider "the content, form, and context of a given statement." *Connick* at 147–48. "It is not enough that the subject matter be of public concern; the content of the expression must also be of public concern." *Withiam v. Baptist Health Care of Oklahoma, Inc.*, 98 F.3d 581, 583 (10th Cir. 1996) (citing *Wilson v. City of Littleton, Colo.*, 732 F.2d 765, 769 (10th Cir. 1984)). The court must examine the facts as the employer reasonably believed them to be. *Waters v. Churchill*, 511 U.S. 661, 681 (1994) (plurality opinion).

Here, Defendants do not analyze Plaintiff's revised allegations. Instead, they merely ask the court to find, as it did previously, that Plaintiff describes a mere internal personnel dispute. The court is unable to do so. While Plaintiff's original complaint was completely devoid of any allegation that could show his proposed speech touched on a public concern, Plaintiff's Second Amended Complaint alleges he intended to speak to the recruitment class and those who read the bulletin board about "legislation, corruption, . . . legal representation, . . . events and rallies." (ECF No. 24 at 13). One case on which the court relied in its earlier decision states that "speech which discloses any evidence of corruption, impropriety, or other malfeasance on the part of city officials . . . concerns matters of public import." *Dill v. City of Edmond, Okl.*, 155 F.3d 1193, 1202 (10th Cir. 1998). Defendants make no effort to distinguish this case.

The court clarifies that it denies Defendants' request to dismiss this count because they have not met their burden as movants, not because the court approves of Plaintiff's argument on this point. Plaintiff appears to suggest he need not demonstrate his speech touched on a matter of public concern because it was related to a union. Yet, as the court previously discussed at some length, Plaintiff has not cited any case in which the Tenth Circuit excused a Plaintiff from pleading and proving that allegedly-protected speech touched on a matter of public interest. (*See* ECF No. 23 at 7). Further, the Tenth Circuit has found "an employee's speech or activity does not touch on a matter of public concern merely because it is union-related." *King v. Downing*, 58 F. App'x 830, 833 (10th Cir. 2003). Plaintiff's argument is contrary to the court's earlier order and unsupported by the authorities he cites.

2. *Plaintiff alleges his union association touched on a public concern.*

Defendants have not identified any fatal flaw in Plaintiff's association claim. Plaintiff must demonstrate that his association implicates a matter of public concern. (ECF No. 23 at 8–10). Here, Plaintiff contends his association with the FOP union meets this requirement. Plaintiff alleges that he "created the FOP to address corruption between [the Salt Lake] Department and the SLPA [union]." (ECF No. 24 at 10). Defendants do not contend with this allegation. It appears to the court that alleged police corruption constitutes a matter of public concern. Defendants will almost certainly deny such corruption exists, and it may not actually exist. Nonetheless, at this stage of the proceedings, Plaintiff's allegations must be credited.

Next, the court rejects Defendants' argument that Plaintiff failed to allege his union membership was a substantial factor is his discipline. First, Plaintiff alleges his union membership was the primary–if not only–motivating factor in his discipline. It is not possible to read Plaintiff's allegations any other way. Next, to the extent Defendants want to test the sufficiency of the evidence, such a matter must be addressed by the fact finder. *See Wren v.*

*Spurlock*, 798 F.2d 1313, 1317 (10th Cir. 1986) (finding question of substantial motivating factor for termination "raises a question of fact for the jury.")

On the other hand, Defendants do point out that Plaintiff failed to identify the specific Defendants at issue in his association claim. This failure is somewhat troubling because the court earlier admonished Plaintiff to identify the specific Defendants alleged to have violated Plaintiff's rights. (ECF No. 23 at 4). Nonetheless, Plaintiff's Opposition clarifies his allegations. The Opposition suggests Chief Burbank and the City infringed on Plaintiff's First Amendment rights. (ECF No. 30 at 20). At the same time Plaintiff makes the technical correction related to his allegation of Chief Burbank's bias, he must also replace all instances of "Defendants" in his First Amendment allegations with Chief Burbank, the City, or both, as appropriate. Plaintiff is to make no further amendments to his complaint other than those described in this order. Plaintiff's corrected complaint must be filed within 14 days of this order.

### III. Plaintiff's FMLA claim

Finally, the parties discuss Plaintiff's claim under the Family and Medical Leave Act ("FMLA"). Defendants clarify that they do not seek dismissal of Plaintiff's FMLA claim, but they note that the court earlier dismissed Plaintiff's § 1983 claim to the extent it was predicated on alleged FMLA violations. (ECF No. 27 at 3 n.1 (citing ECF No. 23)); *e.g. Coleman v. City & Cty. of Broomfield*, No. A05CV00847, 2005 WL 3527290, at *4 (D. Colo. Dec. 22, 2005) (dismissing § 1983 claim that alleged plaintiff "was denied leave 'to take care of her son who had a serious medical condition' . . . because [plaintiff's] § 1983 claim mirrors a claim under the FMLA.") Accordingly, the court will not further address this issue because Defendants do not seek dismissal of any claim. Also, while Defendants argue for certain allegations to be "stricken" from the complaint, Defendants did not file a motion to strike and no such motion may be made in a reply memorandum. (ECF No. 33 at 5); *see* D.U. Civ. R. 7-1(b)(1).

## **ORDER**

For the reasons set forth above, the Court **DENIES** Defendants' Motion to Dismiss. (ECF No. 28).

Plaintiff is further **ORDERED** to correct the errors noted above by filing a modified version of his Second Amended Complaint within fourteen days. Plaintiff may only make the corrections noted by the court and may not otherwise amend his pleading. Defendants must file an answer within twenty-one days of Plaintiff filing a corrected Second Amended Complaint.

Dated this 17th day of November 2017.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge